IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-17-0589 |
| MOISES ALEXIS REYES-CANALES, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Moises Alexis Reyes-Canales and Juan Carlos Sandoval-Rodriguez are charged along with four other defendants in a case encompassing one murder, two attempted murders, and allegations of involvement in an alleged criminal enterprise, MS-13. Reyes-Canales is charged with conspiracy to participate in a racketeering enterprise, 18 U.S.C. § 1962(d), two counts of attempted murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5), two counts of possession and use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and conspiracy to possess a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(o). Sandoval-Rodriguez is charged under two separate counts for murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), and conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5). The other defendants have pleaded guilty, and Reyes-Canales and Sandoval-Rodriguez are the only remaining defendants facing trial. Reyes-Canales and Sandoval-Rodriguez are not both charged in any single count—there is no overlap.

On October 1, 2019, the Government filed a Status Report which contained the evidence it planned to introduce in the joint trial of Reyes-Canales and Sandoval-Rodriguez. (Status Rep.,

ECF No. 235.) The Court filed a Letter Order later that day alerting counsel to the fact that, based on the evidence the Government sought to admit, and recognizing the change in circumstances presented by the other defendants' guilty pleas, the Court now harbored serious doubts about the fairness of trying Reyes-Canales and Sandoval-Rodriguez together. (Letter Order, ECF No. 236.) On October 2, the Government filed a Response to the Court's Letter Order. (Gov. Resp., ECF No. 239). Both Sandoval-Rodriguez and Reyes-Canales subsequently filed separate Motions to Sever. (S.R. Mot. Sever., ECF No. 240; R.C. Mot. Sever, ECF No. 241.) The Court held a hearing to address these motions on October 3, 2019. For the following reasons, as well as those stated in open court, the Court will grant Reyes-Canales's Motion to Sever. Sandoval-Rodriguez's Motion to Sever accordingly will be denied as moot.[1]

## I. Background

This case concerns the murder of one victim and the attempted murder of two victims in connection with the defendants' alleged involvement in MS-13.[2] The Government alleges the defendants conspired to kill Victim 1 because they believed he was connected to a rival gang. (Status Rep. at 2.) The Government alleges that on March 11, 2016, Reyes-Canales, Sandoval-Rodriguez, and the other defendants lured Victim 1 to a park, hit him on the head with a blunt object, and proceeded to stab him multiple times until he died. (*Id.* at 2–3.) After the murder, the defendants allegedly dug a shallow grave and buried Victim 1, whose body was not found for almost a year and a half. (*Id.* at 3.) The Government alleges Reyes-Canales directed this murder. (*Id.*)

On October 23, 2016, some of the defendants—including Reyes-Canales, but not

---

[1] The Court makes no decision as to the merits of Sandoval-Rodriguez's Motion to Sever.
[2] The Court uses the term "defendants" to refer to the six individuals charged in the Superseding Indictment. Where necessary and possible, the Court identifies the individual allegations against Reyes-Canales and Sandoval-Rodriguez.

Sandoval-Rodriguez—allegedly plotted to kill Victim 2 because they believed he was also a member of a rival gang. (*Id.* at 4.) The defendants sought to lure Victim 2 to the same park where they allegedly murdered Victim 1, but he arrived with Victim 3. (*Id.*) The Government alleges the defendants "decided they could leave no witnesses to the murder" and decided to also murder Victim 3. (*Id.*) Reyes-Canales and another defendant drew handguns and ordered Victims 2 and 3 out of their car. (*Id.*) The Victims began to run, and another defendant shot Victim 3 in the legs multiple times. (*Id.*) Reyes-Canales allegedly attempted to shoot at the Victims as well, but he did not fire because his gun malfunctioned. (*Id.*) Other defendants chased the Victims, repeatedly stabbed Victim 2 with a knife, and attempted to run over Victim 2. (*Id.*) Victim 2 was later found by police "lying in a pool of blood and bleeding profusely." (*Id.*) Victim 3 was also found bleeding profusely, and "appeared . . . nearly decapitated." Miraculously, both Victim 2 and Victim 3 ultimately survived this attack. (*Id.*)

Sandoval-Rodriguez is not charged in relation to the attempted murders of Victims 2 and 3 because the Government "does not believe h[e] participated in that conduct." (*Id.* at 2.) And Reyes-Canales is not charged—and cannot be charged—for the murder of Victim 1 because he was a juvenile at the time this murder took place. An individual may not be prosecuted in federal court for crimes committed as a juvenile if the mandatory maximum penalties for those crimes would be unconstitutional as applied to a juvenile. *United States v. Under Seal*, 819 F.3d 715, 728 (4th Cir. 2016). The Supreme Court has held that both the death penalty and life imprisonment— the mandatory maximum sentences for murder in aid of racketeering—are unconstitutional when applied to juveniles. *Miller v. Alabama*, 567 U.S. 460, 489 (2012) (mandatory life imprisonment without parole unconstitutional for juveniles); *Roper v. Simmons*, 543 U.S. 551, 568 (2005) (death penalty unconstitutional for juveniles). Therefore, as the case stands, Reyes-Canales is not and

cannot be charged in federal court for the murder of Victim 1.

Reyes-Canales argues in his Motion to Sever that a joint trial with Sandoval-Rodriguez would prejudice his right to a fair trial. (R.C. Mot. Sever at 1.) Reyes-Canales argues that Sandoval-Rodriguez and Reyes-Canales are not charged with being part of the same overarching conspiracy, nor are they charged with the same murders or attempted murders.[3] (*Id.* at 5.) He argues that the introduction of evidence about his involvement in the murder of Victim 1, for which only Sandoval-Rodriguez is charged, would be unfairly prejudicial because this evidence concerns behavior committed before he reached the age of majority, for which he is not legally culpable. (*Id.*)

The Government acknowledges that evidence of Reyes-Canales's involvement in the murder of Victim 1 is not admissible to prove his guilt in Victim 1's murder. But the Government argues in response that the introduction of such evidence is not unfairly prejudicial and is admissible "to prove [the existence of] the MS-13 enterprise alleged in the [violent crimes in aid of racketeering] involving Reyes-Canales" and "to prove Reyes-Canales' motive in committing those crimes, i.e., to maintain or increase position in the MS-13 enterprise." (Gov. Resp. at 5.) The Government also argues such evidence is admissible in support of the charge of conspiracy to participate in a racketeering enterprise, 18 U.S.C. § 1962(d), because such evidence demonstrates when Reyes-Canales joined the conspiracy, the scope of the conspiracy, and the foreseeability of the acts of his coconspirators. (Status Rep. at 2.)

## II.   *Standard*

---

[3] The Government contends that Sandoval-Rodriguez was a member of a different section, or "clique," of MS-13 than Reyes-Canales, which is why Sandoval-Rodriguez is not charged in Count I alleging a conspiracy to participate in a racketeering enterprise with Reyes-Canales. (Status Rep. at 1–2.)

4

Pursuant to Federal Rule of Criminal Procedure 14, if the joinder of defendants for trial "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "[T]he trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960). Once a court has determined that joinder would lead to prejudice, it is in the court's discretion to fashion the relief it deems necessary. *Zafiro*, 506 U.S. at 539, 541 ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."). Accordingly, a trial court's decision on a motion to sever is reviewed only for an abuse of discretion. *United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007).

Federal Rule of Evidence 404(b) permits the Court to admit evidence of crimes or wrongs not charged to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." However, Rule 404(b) is tempered by Rule 403, which permits the court to exclude relevant evidence if the probative value of that evidence is "substantially outweighed" by the "danger of . . . unfair prejudice, confusing the issues," or "misleading the jury." Fed. R. Evid. 403. *See Huddleston v. United States*, 485 U.S. 681, 688 (1988) (the admission of evidence under 404(b) should be assessed under Rule 403) (citing Advisory Committee's Notes on Fed. R. Evid. 404(b)).

### III.    *Analysis*

Courts have a responsibility to ensure the fundamental fairness of criminal trials, and this responsibility is at its zenith when the court is presiding over a complex, multidefendant criminal trial that contains allegations of extreme violence. The right to a fair trial is trial is "the most fundamental of all freedoms," *Estes v. State of Tex.*, 381 U.S. 532, 540 (1965), and accordingly courts strive "to prevent even the probability of unfairness," *In re Murchison*, 349 U.S. 133, 136 (1955).

The Government argues, and the Court acknowledges, that evidence of pre-majority conduct is sometimes admissible to show "the existence of the conspiracy" and a defendant's "knowledge of its purpose." *United States v. Spoone*, 741 F.2d 680, 688 (4th Cir. 1984). However, the fact that the Fourth Circuit has found the admission of such evidence non-erroneous in other cases does not mean that such evidence is admissible in every case. In *Spoone*, 741 F.2d at 688, the defendant argued that the district court's denial of a motion for severance unfairly prejudiced him and prevented him from receiving a fair trial because it resulted in the introduction of evidence regarding his pre-majority criminal activity. The Fourth Circuit determined that the introduction of this evidence was not erroneous because evidence of defendant's pre-majority activity "would have been admissible against him in a separate trial to show both the existence of the conspiracy and his knowledge of its purpose." *Id.* For the same reasons, the Government argues that evidence of the murder of Victim 1 would be admissible against Reyes-Canales. (Gov. Resp. at 4.)

However, the fact remains that such evidence remains subject to exclusion under Rule 403 if its probative value is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. Here, the Government does not seek to introduce evidence that Reyes-Canales was involved in an auto-theft conspiracy before his eighteenth birthday, as it did in *Spoone*. Nor does the Government seek only to introduce evidence that Reyes-Canales was involved in MS-13, an organization the

Government alleges commits violent murder, before his eighteenth birthday. Rather, the Government seeks to introduce evidence of an especially gruesome murder which Reyes-Canales personally directed and participated in, yet for which he is legally non-culpable. As explained above, the introduction of evidence of other crimes under Rule 404(b) is subject to the general limitations imposed by Rule 403. Not only does the Government seek to introduce evidence of a violent, bloody murder, the subsequent burial of the victim in a shallow grave, and a decomposed body that was not located until almost a year and a half later—the Government also seeks to introduce evidence that Reyes-Canales directed this horrific activity. The danger of unfair prejudice in this situation cannot be overstated.

Nevertheless, the Government argues that there is no risk of prejudice here because Reyes-Canales is charged with two other grisly attempted murders of which the jury will receive evidence. (Gov. Resp. at 5.) It is true that the Fourth Circuit has found that the introduction of other conduct which was "substantially similar" to the crime charged did not "create a substantial risk that jurors would be excited to irrational behavior," but that ruling considered evidence of fraud—not murder. *United States v. Siegel*, 536 F.3d 306, 319–20 (4th Cir. 2008). Evidence that Reyes-Canales directed and participated in the murder of a victim where, as the Government contends, the victim was stabbed by multiple individuals with knives until he died, is exactly the type of evidence that would "excite[]" a jury to "irrational behavior." *Id.*

Furthermore, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539. Here, the Court is facing the unusual situation in which evidence will be presented about a murder involving two defendants, but jurors will be instructed that only one is potentially

7

culpable. Such an unusual situation with such extreme and horrific facts raises a serious risk of unfair prejudice.

Relatedly, the joinder of these two defendants in one trial risks confusing the jury. The Government argues that a limiting instruction and separate verdict forms will dispel any juror confusion over whether Reyes-Canales should be found culpable for the murder of Victim 1. (Gov. Resp. at 3.) While courts normally presume that the jury will follow its instructions, there are times where "'the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.'" *Simmons v. South Carolina*, 512 U.S. 154, 171 (1994) (quoting *Bruton v. United States*, 391 U.S. 123, 135 (1968)). The Court finds that such a situation exists here. Despite the best intentions, there comes a point where evidence relating to uncharged crimes is so extreme and gruesome that it is beyond the reach of limiting instructions. The Court seriously questions the ability of a jury to hear evidence about Reyes-Canales's alleged involvement in and direction of the murder of Victim 1 and then largely ignore that information in determining his culpability for the attempted murders of Victims 2 and 3, only considering the murder of Victim 1 as evidence regarding his membership in the alleged racketeering conspiracy. Despite the weighty tasks the court entrusts to jurors every day, jurors remain human. In this case, the Court finds the risk of juror confusion further argues in favor of severing the trial.

Ultimately, the Court finds that the extreme, heinous nature of the murder of Victim 1, Reyes-Canales's status as a juvenile at that time, and the complexity of the issues involved create a significant risk of unfair prejudice and juror confusion which warrants severing the trial of Reyes-Canales and Sandoval-Rodriguez.

## IV.    *Conclusion*

For the foregoing reasons, and the reasons stated in open court, an Order shall enter granting Reyes-Canales's Motion to Sever and denying Sandoval-Rodriguez's Motion to Sever as moot.

DATED this 4 day of October, 2019.

BY THE COURT:

James K. Bredar
Chief Judge